## Hogan v. General News Bureau et al.

(Decided March 18, 1930.)

J. S. LUSCHER for appellant.

J. L. RICHARDSON and W. G. DEARING for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In this suit by Michael J. Hogan against the General News Bureau and Ed. L. Sutterlin, a demurrer was sustained to the amended and substituted petition, and the action was dismissed. Hogan appeals.

Briefly stated, the allegations of the amended and substituted petition are these: The General News Bureau is a corporation engaged in procuring, distributing, and selling news and information concerning race tracks and race horses. The news is transmitted by telephone and telegraph. During the month of March, 1928, plaintiff and Ed. L. Sutterlin established and owned a list of subscribers in Louisville, who agreed to and did pay plaintiff and defendant Sutterlin for services identical to those rendered by the General News Bureau. At that time the services were not rendered by the General News Bureau to the subscribers of plaintiff and defendant Sutterlin, but were rendered by the Empire News Company, a corporation engaged in the same business. At that time the Empire News Bureau charged plaintiff and defendant Sutterlin for said services rendered the subscribers $60 a week, and the Empire News Company did not have or claim any interest in the subscriptions. Thereafter the General News Bureau took over the business of the Empire News Company, and rendered to plaintiff and defendant for their subscribers identical services that had been rendered by the Empire News Company, and the General News Bureau converted to its own use the subscriptions owned and established by plaintiff and defendant Sutterlin, and credited plaintiff from said subscriptions $50 per week and defendant Sutterlin $100 per week and 20 per cent. of the net profits thereof, which were divided equally between plaintiff and defendant Sutterlin. The profits of said subscriptions amounted to more than $1,000 per week, to all of which plaintiff and defendant Sutterlin were entitled after crediting the General News Bureau a reasonable compensation for its services, but the General News Bureau has appropriated all the income to its

own use and has failed and refused to account to plaintiff and defendant Sutterlin for any part thereof, except as aforesaid.

The pleading does not disclose what plaintiff and defendant Sutterlin received from their subscribers for the services rendered by the Empire News Bureau. All that it shows is that the Empire News Bureau charged plaintiff and Sutterlin $60 a week. Though it is alleged that the General News Bureau took over the business of the Empire News Company and thereafter rendered to the subscribers identical services theretofore rendered by the Empire News Company, there is nothing to show that this was done without plaintiff's knowledge and consent. With respect to the conversion of the subscriptions and the division of the profits, the same situation exists. For aught that appears the alleged conversion may have received plaintiff's assent, and the arrangement by which plaintiff was allowed $50 per week and 10 per cent. of the net profits may have been agreed to by plaintiff and the other parties concerned. On the whole, we conclude that the allegations of the amended and substituted petition are too vague, nebulous, and uncertain, to state a cause of action, and that the demurrer was properly sustained.

But it is contended that the amended and substituted petition presented a question of accounting, and that the court erred in not transferring the case to equity. Since the pleading did not state a cause of action, it would have been the duty of the chancellor, if the transfer had been ordered, to sustain a demurrer thereto. Clearly, a party is not prejudiced by a refusal to transfer to equity where, if the transfer had been made, the result would have been the same.

Judgment affirmed.